IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ANNETTE WHITE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:08cv644-MHT |
| | ) | (WO) |
| PI KAPPA PHI FRATERNITY, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION AND ORDER

Plaintiff Annette White charged defendant Pi Kappa Phi Fraternity (Pi Kappa) with "loud noise pollution" and asserted the following state-law claims to support the charge: intentional infliction of emotional distress, private nuisance, invasion of right to privacy, negligence, and wantonness. Pi Kappa removed this case from state to federal court based on diversity-of-citizenship jurisdiction. See 28 U.S.C. §§ 1332, 1441. This lawsuit is now before the court on White's motion to amend her complaint to add a defendant and on her motion to remand. White seeks to add Pi Kappa Phi-Gamma Gamma

Alumni Housing Corporation, Inc. (Gamma Gamma) as a defendant.  If Gamma Gamma is added, diversity-of-citizenship will be destroyed because White and Gamma Gamma are both citizens of Alabama.

Under  28 U.S.C. § 1447(e), a district court has discretion in deciding whether to permit joinder of a diversity-destroying defendant.  This subsection provides:

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."

28 U.S.C. § 1447(e).

In determining whether joinder is appropriate under § 1447(e), the court balances the equities involved. Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 (5th Cir.), cert. denied,  502 U.S. 859 (1991); Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989).  "[T]he court should consider the extent to which the purpose of the amendment

2

is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.

Applying the considerations articulated in Tillman and Hensgens, the court concludes that Gamma Gamma should be added as a defendant. It appears that White desires to pursue proper claims against Gamma Gamma. There is no credible evidence that White seeks to add Gamma Gamma to defeat federal jurisdiction. While White missed the court-imposed deadline for adding parties to this litigation, fairness dictates that the deadline should be extended to allow the addition for the following reasons: Gamma Gamma is a proper defendant; White sought to add Gamma Gamma as soon as she learned that Gamma Gamma was an entity separate from Pi Kappa; this litigation is still in its early stages, and White has missed the deadline by only 21 days; and there is no evidence that

either Pi Kappa or Gamma Gamma would be prejudiced by the extension. It would also be in the best interest of all parties if the claims against Pi Kappa and Gamma Gamma were tried by the same factfinder.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The deadline for adding additional parties is extended to October 21, 2008.

(2) Plaintiff Annette White's motion to amend the complaint to add additional defendant (Doc. No. 15) is granted.

(3) Plaintiff's White's motion to remand (Doc. No. 19) is granted.

(4) This lawsuit is remanded to the Circuit Court of Pike County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 3rd day of November, 2008.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**